| | |
|---|---|
| Debtor 1 | **Rick Joe Elliott** |
| | First Name  Middle Name  Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name  Middle Name  Last Name |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF IOWA** |
| Case number: | **20-02144** |
| (If known) | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

**Chapter 13 Plan** 12/17

**To Debtor(s):** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

**2.1** **Debtor(s) will make regular payments to the trustee as follows:**

**$997.96** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2** **Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☑ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐    Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐    Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**

*Check one.*

☑    **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

2.5    **The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $59,877.60.**

**Part 3:    Treatment of Secured Claims**

3.1    **Maintenance of payments and cure of default, if any.**

*Check one.*

☐    **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑    The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Rushmore Loan Management Services | 6824 S. 12th Ave E Newton, IA 50208  Jasper County Part A in the SE 1/4 of the SW 1/4 and the SW 1/4 of the SE 1/4 of Section 32, Township 80 North, Range 18 West of the 5th P.M., Jasper County, Iowa, as appears in Plat Book 970 at page 11 | $1,350.81 | Prepetition: $21,408.00 | 0.00% | pro rata | $21,408.00 |

Disbursed by:
☐ Trustee
☑ Debtor(s)

*Insert additional claims as needed.*

3.2    **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3    **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

|   | None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.* |
|---|---|
| ☑ | |

**3.4    Lien avoidance.**

*Check one.*

| ☑ | **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.* |

**3.5    Surrender of collateral.**

*Check one.*

| ☑ | **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced. |

**Part 4:    Treatment of Fees and Priority Claims**

**4.1    General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**5,988.00**.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**0.00**.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

| ☐ | **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.* |
| ☑ | The debtor(s) estimate the total amount of other priority claims to be **$12,297.00** |

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

| ☑ | **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.* |

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

| ☐ | The sum of $ . |
| ☑ | **100.00** % of the total amount of these claims, an estimated payment of $ **20,184.00** . |
| ☑ | The funds remaining after disbursements have been made to all other creditors provided for in this plan. |

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **0.00** . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

| ☐ | **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.* |
| ☑ | The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s). |

| Name of Creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| U.S. Department of Education | $61.10 | $0.00 | $0.00 |
| | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | |
| U.S. Department of Education | $0.00 | $0.00 | $0.00 |
| | Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | | |

*Insert additional claims as needed.*

5.3    **Other separately classified nonpriority unsecured claims.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6:    Executory Contracts and Unexpired Leases

6.1    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7:    Vesting of Property of the Estate

7.1    **Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
☑    plan confirmation.
☐    entry of discharge.
☐    other:

### Part 8:    Nonstandard Plan Provisions

8.1    **Check "None" or List Nonstandard Plan Provisions**
☐    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
**1. MORTGAGE CREDITORS BEING PAID ARREARAGES IN THE PLAN**
    If you are a mortgage creditor whose Proof of Claim includes payments for pre-petition mortgage arrearages and at the time the Plan was filed, there was a pending foreclosure proceeding in State Court, then you shall do the following:

    (a) Upon receipt of the full amount of mortgage arrearages provided for in the Proof of Claim, said creditor will set aside any Decree of Foreclosure that was entered in State Court and then file a dismissal of the proceedings. This shall be done within 30 days of receiving the final cure amount from the Trustee.

(A) Creditor(s) whose loans are secured by Debtor(s)' motor vehicles or real estate and are receiving post petition payments directly from the Debtor(s) are authorized to send the Debtor(s) monthly statements. Said monthly statements shall not be a violation of the automatic stay.

(B) Mortgage claims shall be filed by the claims bar date; however, in the event that a mortgage creditor can not file their Proof of Claim by said bar date, then said bar date is extended until the date that said Proof of Claim actually gets filed and the Trustee shall pay said Claim in accordance with Paragraph 3.1 of the Plan.

(C) The Debtor(s) will pay all post-petition claims allowable under 11 USC §1305 when and if such a claim arises and said claim shall be paid in full.

(D) LATE FILED CLAIMS OF UNSECURED CREDITORS- Unsecured creditors who fail to file their claims on or before the last date established by the Court to file a claim shall be clasified as untimely claims and be paid zero percent by the trustee.

(E) CLAIMS SECURED BY PERSONAL PROPERTY- It is the Debto(s)' intent that any claim allegedly secured by personal property which is not specifically provided for in either paragraphs 3.2 or 3.3 of the Plan, shall be deemed to be an unsecured claim. Said claim shall then be treated and paid by the Trustee as an unsecured claim and this shall override said Creditor's Proof of Claim.

**Part 9:** Signature(s):

9.1      Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X  *Rick Joe Elliott*                                    X  _____
Rick Joe Elliott                                              Signature of Debtor 2
Signature of Debtor 1

Executed on  12/17/20                                    Executed on _____

X  _____                              Date  12/18/2020
Michael L. Jankins AT0003918
Signature of Attorney for Debtor(s)

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | Maintenance and cure payments on secured claims *(Part 3, Section 3.1 total)* | $21,408.00 |
| b. | Modified secured claims *(Part 3, Section 3.2 total)* | $0.00 |
| c. | Secured claims excluded from 11 U.S.C. § 506 *(Part 3, Section 3.3 total)* | $0.00 |
| d. | Judicial liens or security interests partially avoided *(Part 3, Section 3.4 total)* | $0.00 |
| e. | Fees and priority claims *(Part 4 total)* | $18,285.00 |
| f. | Nonpriority unsecured claims *(Part 5, Section 5.1, highest stated amount)* | $20,184.00 |
| g. | Maintenance and cure payments on unsecured claims *(Part 5, Section 5.2 total)* | $0.00 |
| h. | Separately classified unsecured claims *(Part 5, Section 5.3 total)* | $0.00 |
| i. | Trustee payments on executory contracts and unexpired leases *(Part 6, Section 6.1 total)* | $0.00 |
| j. | Nonstandard payments *(Part 8, total)* + | $0.00 |

**Total of lines a through j**                                                                  $59,877.00

# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | : | |
| Rick Joe Elliot | : | CASE NO.: 20-02144 |
| Debtor | : | **CERTIFICATE OF SERVICE** |

### CERTIFICATE OF SERVICE

I, Candace E Dupuy, state I am the secretary for Michael L. Jankins, on the 18 day of December, 2020 I personally mailed a copy of the foregoing Debtor(s)' Plan to the following:

Rick Elliott
6824 South 12th Avenue East
Newton    IA    50208

Capital One Bank
PO Box 30285
Salt Lake City, UT 84130

Capital One Retail Services/Menards
PO Box 7680
Carol Stream, IL 60116

Central Portfolio Control
10249 Yellow Circle Dr, Suite 200
Minnetonka, MN 55343

Cerulean/Cardholder Services
PO Box 3220
Buffalo, NY 14240

Community Choice Credit Union
6163 NW 86th St, Suite 105
Johnston, IA 50131

Default Resolution Group
PO Box 5609
Greenville, TX 75403

Goldman Sachs Bank USA Salt Lake City
Lockbox 6112
PO Box 7247
Philadelphia, PA 19170

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
Insolvency Unit
210 Walnut St Stop 5301
Des Moines, IA 50309

Iowa Department of Revenue & Finance
Accounts Receivable Unit
Hoover State Office Bldg
Des Moines, IA 50319

MercyOne Medical Group
PO Box 1475
Des Moines, IA 50305

Office of the Attorney General of Iowa
Attn: Bankruptcy Unit
1305 E. Walnut St
Des Moines, IA 50319

Rushmore Loan Management Services
Customer Care Dept
PO Box 55004
Irvine, CA 92619

Sayer Law Group
925 E. 4th St
Waterloo, IA 50703

Synchrony Bank/Paypal
Attn Bankruptcy Dept
PO Box 965064
Orlando, FL 32896

U.S. Attorney
110 E Court Ave Rm 286
Des Moines, IA 50309

U.S. Department of Education
PO Box 2837
Portland, OR 97208

U.S. Department of Education
National Payment Center
PO Box 790336
Saint Louis, MO 63179

the same being in a sealed envelope with the proper postage thereon addressed to the said person and/or business at the last known post office address, by depositing the same on said date in a United States Post Office mail receptacle.

Debtor's Plan will be electronically mailed by the Clerk to:

Office of US Trustee @ USTPRegion12.DM.ECF@usdoj.gov
Carol F. Dunbar cfdunbar@cfu.net

/s/ _____
Candace E. Dupuy